Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ELLEN ANNETTE GOLD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELLEN ANNETTE GOLD,<br><br>Plaintiff,<br><br>v.<br><br>BREWER & NABAVI, A PROFESSIONAL LAW CORPORATION, a dissolved California professional law corporation, and ALI NABAVI, individually and in his official capacity,<br><br>Defendants. | Case No. CV 12-01697 HRL<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, ELLEN ANNETTE GOLD (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6. Plaintiff, ELLEN ANNETTE GOLD (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, BREWER & NABAVI, A PROFESSIONAL LAW CORPORATION (hereinafter "BREWER & NABAVI") is a dissolved California professional law corporation which was at all relevant times engaged in the business of collecting debts in this state with its principal place of

business located at: 4533 MacArthur Boulevard, Suite 707, Newport Beach, California 92660-2059. BREWER & NABAVI may be served as follows: Brewer & Nabavi, APLC, c/o Ali Nabavi, Agent for Service of Process, 3183 Airway Building E, Costa Mesa, California 92626. The principal business of BREWER & NABAVI was the collection of debts using the mails and telephone and BREWER & NABAVI regularly attempted to collect debts alleged to be due another. BREWER & NABAVI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, ALI NABAVI (hereinafter "NABAVI"), is a natural person and licensed attorney in the state of California. NABAVI is or was an employee and/or agent of BREWER & NABAVI at all relevant times. NABAVI may be served at his current business address at: Ali Nabavi, Coastal Law Firm, LLC, 4533 MacArthur Boulevard, Suite 777, Newport Beach, California 92660-2059. The principal purpose of NABAVI's business in the collection consumer debts due or alleged to be due another. NABAVI is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. NABAVI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that NABAVI is liable for the acts of BREWER & NABAVI because he sets and approves BREWER & NABAVI collection policies, practices, procedures and he directed the unlawful activities described herein.

### VI. FACTUAL ALLEGATIONS

9. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Wells Fargo Financial Bank and bearing the account number 4071-1000-9008-5899 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term

is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Becharoff Capital Corporation.

11. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

12. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. The collection letter (Exhibit "1") is dated April 6, 2011.

14. A true and accurate copy of the April 6, 2011, collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

16. The collection letter (Exhibit "1") fails to state the name of the then current creditor.

17. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

18. Plaintiff is informed and believes, and thereon alleges that Defendant has sent standard form collection letters in envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by

- 4 -
COMPLAINT

Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

20. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

21. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

22. Defendant, BREWER & NABAVI, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

23. Defendant, NABAVI, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

25. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to disclose the true name of the *current* creditor to whom the debt being collected was owed in their first written notice to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(2).

    b. Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

c. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

d. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

e. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

f. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiff brings the second claim for relief only against Defendant, BREWER & NABAVI, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

29. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

30. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

- 6 -
COMPLAINT

1788.2(h).

31. Defendant, BREWER & NABAVI, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

32. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

33. BREWER & NABAVI has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. BREWER & NABAVI failed to disclose the true name of the *current* creditor to whom the debt being collected was owed in their first written notice to Plaintiff, in violation of Cal. Civil Code § 1788.17.[1]

   b. BREWER & NABAVI communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[2]

   c. BREWER & NABAVI communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[3]

   d. BREWER & NABAVI's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4]

   e. BREWER & NABAVI published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[5] and

---

[1] 15 U.S.C. § 1692g(a)(2).
[2] 15 U.S.C. § 1692b.
[3] 15 U.S.C. § 1692c(b).
[4] 15 U.S.C. § 1692d.
[5] 15 U.S.C. § 1692d(3).

      f.    BREWER & NABAVI's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17.[6]

34.    BREWER & NABAVI's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

35.    As a result of BREWER & NABAVI's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

36.    As a result of BREWER & NABAVI's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[7]

37.    As a result of BREWER & NABAVI's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

38.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)    Assume jurisdiction in this proceeding;

b)    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[6] 15 U.S.C. § 1692f.
[7] 15 U.S.C. § 1692k(a)(2)(A).
[8] 15 U.S.C. § 1692k(a)(3).

1692b, 1692c(b), 1692d, 1692d(3), 1692g(a)(2) and 1692f;

c) Declare that Defendant, BREWER & NABAVI, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, BREWER & NABAVI, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000 Defendant, BREWER & NABAVI, pursuant to Cal. Civil Code § 1788.17;[9]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ELLEN ANNETTE GOLD

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ELLEN ANNETTE GOLD, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 10 -
COMPLAINT

LANCE A. BREWER
*Attorney*


**BREWER**
**NABAVI**
A PROFESSIONAL
LAW CORPORATION

ALI NABAVI
*Attorney*

4533 MacArthur Blvd., Suite 707   Newport Beach, CA 92660   PH 714/424-6300   FAX 714/424-6313

April 6, 2011

                               Principal:   $3,106.10
                               Interest:    $917.36
                           Total Balance:   $4,023.46

ELLEN A GOLD
3790 EL CAMINO REAL, # 2001
PALO ALTO, CA 94306

Original Creditor: Wells Fargo Financial Bank
File Number: 11-000477
Account Number: 4071100090085899

The above referenced account has been sent to our office for appropriate collection and/or legal action. We recommend that you contact us at once to discuss your debt or to make arrangements to take care of your debt

Unless -- within thirty (30) days after your receipt of the letter—you dispute the validity of the debt, or any portion of it, the debt will be assumed to be valid. If you notify us in writing—within thirty (30) days after your receipt of this letter—that the debt, or any portion of it, is disputed, we will obtain verification of the debt or a copy of any judgment against you and mail you a copy of the verification or judgment. If you request in writing --within thirty (30) days after your receipt of this letter—the name and address of the original creditor (if different from the current creditor) we will mail that information to you. You may dispute and/or obtain verification of your debt even if you choose to contact us to discuss your debt or to make arrangements to take care of your debt.

The State of California's Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. In addition to these rights, you have other rights under State and Federal law.

If a lawsuit is filed against you to collect the debt, such legal action could result in a judgment against you that may include the fee for filing the lawsuit, the actual cost of serving you with a copy of the lawsuit, and, when specifically allowed by law, reasonable attorneys' fees.

This letter and all communications to you by this office are attempts to collect a debt from you and any information obtained from you will be used for that purpose.

Sincerely,

[signature]

Ali Nabavi, Esq.
Attorney at Law

EXHIBIT
1

---

RETURN THE BOTTOM PORTION WITH YOUR PAYMENT TO:
**BREWER & NABAVI**

BREWER & NABAVI
4533 MacArthur Blvd., Suite 707
Newport Beach, CA 92660

ELLEN A GOLD
ACCOUNT # 11-000477

**BREWER & BREWER**
Attorneys at Law
4533 MACARTHUR BOULEVARD, SUITE 707
NEWPORT BEACH, CALIFORNIA 92660

ELLEN A GOLD
3790 EL CAMINO REAL, # 2001
PALO ALTO, CA 94306

Original Creditor: Wells Fargo Financial Bank
File Number: 11-000477